IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES

v.

Criminal Action No. 3:25-cr-117

MONTE DECARLOS WINSTON,

Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the Defendant's pro se Motions (ECF Nos. 38, 41, 42, 47, 48, and 61) and the Government's Oppositions (ECF Nos. 80, 90, 91). For the reasons stated below, ECF Nos. 38, 41, 42, 47, 48, and 61 will all be DENIED.

## BACKGROUND

The defendant, Monte Decarlos Winston, is charged with two counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 (COUNTs ONE and THREE) and two counts of using, carrying, or brandishing a firearm in connection with those robberies in violation of 18 U.S.C. § 924(c) (COUNTs TWO and FOUR). ECF No. 84. Since his arrest, Winston has filed a series of pro se motions, many of which are difficult to understand, and all of which lack merit. ECF No. 38 seeks reconsideration of the Court's denial of Defendant's motion regarding the Speedy Trial Act. Both ECF Nos. 41 and 47 relate to the Double Jeopardy Clause. ECF No. 42 seeks dismissal of his charges for selective prosecution, and ECF Nos.

48 and 61 relate to "conduct conscience shocking to the Court." Each motion is considered in turn.

ANALYSIS

## I. ECF No. 38, Speedy Trial

Winston seeks reconsideration of the Court's denial of his pro se motions because he believes that it was unfair to deny them just because his attorneys did not adopt them. ECF No. 38, 1-2. Then, Winston raises arguments alleging the Government's non-compliance with the Speedy Trial Act, stating that his Speedy Trial Act argument had merit and the Court should not have denied the motion relating to the Speedy Trial Act. According to Winston, he was arrested on March 25, 2025, and was not indicted until July 2025. Thus, says Winston, "the sanctions are mandatory." It appears that Winston seeks to quash the prosecution on Speedy Trial grounds, though he does not specify what mandatory sanction he seeks.

The Speedy Trial Act, 18 U.S.C. § 3161(b), requires indictment within 30 days of arrest "in connection with such charges." The Speedy Trial clock begins upon federal arrest, not state arrest. See, e.g., United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982); United States v. Williamson, 85 F. App'x 943, 944 (4th Cir. 2004); United States v. Coleman, Criminal Case No. 3:24cr59, 2025 WL 594284, at *2 (E.D. Va. Feb. 24, 2025).

2

Winston's Speedy Trial Act rights were not violated. According to the record, Winston was arrested on two state warrants on March 26, 2025. ECF No. 80, 3. In his Motion in Limine Winston acknowledges his arrest on state warrants on that date. ECF No. 77, 2. On May 22, 2025, the state charges related to the two robberies also at issue in the federal case were dismissed because the Federal Government lodged a criminal complaint on the same incidents. ECF No. 80, 3. The same day, Winston was sentenced to a month of active time on other charges. Id. Thus, he was released into federal custody, and "arrested" for purposes of the Speedy Trial Act on June 21, 2025. Id. at 4. Winston was indicted on July 22, 2025. The day of the 21st is not counted against the 30 days allotted under the Speedy Trial Act. Fed. R. Crim. P. 45(a)(1)(A). The days of June 23 and June 26 are also not counted because they were the dates of Winston's initial appearance and preliminary hearing. United States v. Wright, 990 F.2d 147, 148-49 (4th Cir. 1993) (excluding preliminary hearing and initial appearance dates based on 18 U.S.C. § 3161(h)(1)). Based on those exclusions, Winston was indicted 29 countable days after his federal arrest.

Therefore, the Speedy Trial Act was satisfied, and the Motion at ECF No. 38 will be DENIED.

## II. ECF Nos. 41, 47, Double Jeopardy

Winston makes two arguments regarding Double Jeopardy in both ECF Nos. 41 and 47.

3

## A. Dual Sovereignty

First, Winston argues that this is his second prosecution for the same charges. However, he also recognizes that the state and federal government can both pursue charges on the same conduct. ECF No. 41, 1 (citing Heath v. Alabama, 474 U.S. 82, 88 (1985)). Winston is correct that both the state and federal governments can prosecute an individual for the same conduct. Winston then contradicts himself by arguing that the prosecution in state court (the charges were then nolle prossed) and the subsequent prosecution in federal court for the "same offense violates the Double Jeopardy Clause. Id. at 1-2.

Wholly apart from the dual sovereignty doctrine, Winston's Double Jeopardy challenge fails because he was never placed in jeopardy in the state case. Winston argues that "Double Jeopardy attaches pursuant to Va. Code Ann. § 19.2-216," but that is patently incorrect. Jeopardy attaches when a jury is sworn. See, e.g., Martinez v. Illinois, 572 U.S. 833, 839 (2014). No jeopardy attached in the state case because the charges were nolle prossed before trial.

## B. Lack of Specificity in the Indictment

Winston further argues that the indictment is insufficiently specific to allow him to plead double jeopardy should he later be prosecuted for the same offenses. ECF No. 41, 2. Again, he is incorrect. The Superseding Indictment provides sufficient

4

information to allow Winston to demonstrate double jeopardy if that issue ever were to arise. Winston complains that the date and time of the alleged robberies are not in the Superseding Indictment. However, the date is alleged. The Superseding Indictment alleges that COUNTs ONE and TWO occurred on or about February 12, 2025, and COUNTs THREE and FOUR on or about February 18, 2025. ECF No. 84, 1-2. The Superseding Indictment further alleges the location of the alleged robberies and the victims in each robbery. There is no basis in law to require the Government to include the alleged time of a robbery. In any event, the Superseding Indictment provides sufficient information to allow Winston to plead double jeopardy should he need to do so.

Therefore, ECF Nos. 41 and 47 will be DENIED.

## III. ECF No. 42, Selective Prosecution

Winston asserts two bases for his selective prosecution motion: (1) that the Federal Government selectively prosecutes cases which have "Constitutional defects and errors made by State Law Enforcements" in an attempt to cure the issues; and (2) that the Federal Government selectively prosecutes African Americans. ECF No. 42, 1-2.

Selective prosecution is a claim that a prosecutor "has brought the charge for reasons forbidden by the Constitution." United States v. Armstrong, 517 U.S. 456, 463 (1996). Generally, if a prosecutor "has probable cause to believe that the accused

5

committed an offense defined by statute," the prosecutor has discretion as to the charging and prosecution of that individual. Id. at 464 (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)). There is a presumption that a prosecutor has not violated equal protection rights. Id. at 464. An individual alleging a selective prosecution based on a protected characteristic (like race) must show that the "federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" Id. at 465 (quoting Wayte v. United States, 470 U.S. 598, 608 (1985)). The individual must show that "similarly situated individuals of a different race were not prosecuted." Id.

As to the first point, Winston fails to explain both why his state case was constitutionally deficient and why prosecuting the case federally would resolve those deficiencies. Without alleging a constitutional defect, Winston cannot show that his case was improperly selected for federal prosecution.[1] Second, Winston also fails to allege any race-based selective prosecution. A bald assertion that African Americans are prosecuted more than White Americans is insufficient even for discovery on the issue. See, e.g., United States v. Hastings, 126 F.3d 310, 313-14 (4th Cir.

---

[1] That is not to say that alleging a constitutional defect at the state level which would not follow the case to federal court would be sufficient. That issue need not be reached here.

6

1997). That is precisely what Winston has done and his race-based selective prosecution claim, therefore, fails.

Therefore, ECF No. 42 will be DENIED.

**IV. ECF No. 48 & 61, "Conduct Conscience Shocking to the Court"**

In two filings, Winston asserts that his case should be dismissed because his previous counsel, Ms. Lauren Whitley, is an "essential witness" and has caused Mr. Winston's Speedy Trial Rights to be violated. Dismissal of an indictment for "outrageous conduct," or conduct "shocking" and "offensive to traditional notions of fundamental fairness" is a high bar. United States v. Hasan, 718 F.3d 338, 343 (4th Cir. 2013) (citations omitted). Winston's allegations do not come close to meeting that threshold.

First, Ms. Whitley is not an "essential witness." Some background; this case was previously continued because of the unavailability of an essential government witness (the victim of one of the alleged robberies). The Court extended the trial date past the date sought by the United States to accommodate that witness (October 14, 2025) because defense counsel (Ms. Whitley) was scheduled to be out of the country until later (October 22, 2025). Thus, the delay needed to accommodate the "essential witness" and the delay needed to accommodate Winston's counsel were entirely separate.

7

Further, as noted by the United States, time while pretrial motions are pending is excluded from the Speedy Trial Clock. 18 U.S.C. § 3161(h)(1)(D); ECF No. 90, 3. Much of the delay in this case has resulted from Winston's filing of pro se motions.

To the extent that Winston otherwise complains of his counsel from the Federal Public Defender's Office, they are no longer representing him. And no disagreement with an attorney is grounds for dismissal of charges. The remedy could be only that Winston would be allowed to represent himself (he is) and/or have new counsel (he has new standby counsel).

Conflict with counsel and tolling of the Speedy Trial Act based on enumerated tolling provisions do not support a finding of conduct which is "outrageous" such that it would pass the "high shock threshold" necessary to dismiss an indictment. Hasan, 718 F.3d at 343.

Therefore, ECF Nos. 48 and 61 will be DENIED.

**CONCLUSION**

Winston's pro se motions are once again utterly without merit and will all be denied.

It is so ORDERED.

_____ /s/   R E P _____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  March 27, 2026

8