IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES

v.

                              Criminal Action No. 3:25-cr-117

MONTE DECARLOS WINSTON,

Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on MR. WINSTON'S MOTION IN LIMINE (ECF No. 77) (the "MOTION"), and the UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE (ECF No. 89). For the reasons set forth below, the Court will DENY the MOTION as moot.

## FACTUAL BACKGROUND

The defendant, Monte DeCarlos Winston, is charged with two counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 (COUNTs ONE and THREE) and two counts of using, carrying, or brandishing a firearm in connection with those robberies in violation of 18 U.S.C. § 924(c) (COUNTs TWO and FOUR). Specifically, it is alleged that Winston robbed a Valero Gas Mart on February 12, 2025, while brandishing a firearm. ECF No. 84, 1-2. It is further alleged that he robbed a Beauty Zone on February 18, 2025, while brandishing a firearm. Id. at 2-3.

**ANALYSIS**

Winston's MOTION asks the Court to exclude evidence of (1) uncharged robberies that the Government believes Winston to have committed, (2) drug possession, distribution, paraphernalia, etc., and (3) his 2003 robbery conviction. ECF No. 77, 1.

The Government does not intend to offer evidence in its case-in-chief of any of the evidence with which Winston is concerned. ECF No. 89, 2. Therefore, the MOTION is partially rendered moot.

### (1) Uncharged Robberies

The Government advises that it does not intend to offer evidence of uncharged robberies in its case in chief. Id. However, the Government reserves the right to introduce evidence about the alleged uncharged robberies if the door is opened or if the evidence otherwise becomes relevant at trial. ECF No. 89, 2. If that occasion arises, the Court will address it at that time in context of the evidence at trial.

### (2) Drug Related Evidence

It is unclear what exactly Winston is seeking to exclude in category (2), evidence of drug possession, distribution, or paraphernalia. It seems that Winston's actual request is to exclude evidence of narcotics that were found on his person at his arrest on March 26, 2025 and in a motel room allegedly associated with him that was searched also on March 26. ECF No. 77, 2. However, it is possible that he seeks to exclude evidence of his drug

2

possession conviction from 2003. Id. at 4. The Government does not seek to introduce evidence of the drugs or paraphernalia allegedly recovered at the time of his arrest or from the search and will only seek to introduce the conviction if Winston testifies. The conviction for possession of cocaine base is addressed below.

### (3) Felony Convictions

The Government states that, if Winston testifies, it intends to cross-examine him with the 2003 felony convictions. In 2003, Winston was convicted of possession of cocaine base, brandishing a firearm in a crime of violence, and two counts of Hobbs Act robbery. ECF No. 89, 2. In 2016, Winston violated the conditions of supervised release and was sentenced to one year and one day of incarceration, plus further supervised release. Id. In 2018, Winston again violated the supervised release conditions and received a sentence of time served with further supervised release. Id. at 3. At the end of 2018, Winston again violated the supervised release conditions and was sentenced to 90 days incarceration with no supervised release to follow. Id.

Winston argues that his prior convictions are inadmissible under Fed. R. Evid. 402 and because introduction of them is time barred.[1] ECF No. 77, 4. While Winston seems to argue the convictions

---

[1] Winston appears to be making an argument under Fed. R. Evid. 603(b). He does not mention Fed. R. Evid. 609 anywhere in his MOTION.

3

should not come in under Fed. R. Evid. 402 and 404, that is not the correct framework for prior convictions offered as evidence of lack of truthfulness. The correct rule is Fed. R. Evid. 609.

Convictions for felonies "must" be admitted if they are offered against a defendant in a criminal case and "the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). There are further limitations on introducing felony convictions where more than 10 years have passed since the defendant's release from confinement. Fed. R. Evid. 609(b). Because Winston served incarceration due to revocations of supervised release within the last 10 years, evidence of that conviction is not barred by Fed. R. Evid. 609(b). United States v. Lapteff, 160 F. App'x 298, 303-304 (4th Cir. 2005).

So, the question is whether the 2003 felony convictions are more probative than prejudicial. Winston seemingly argues that evidence of drug-related convictions does not have probative value and would be prejudicial because of the stigma surrounding using or selling narcotics. ECF No. 77, 4. However this argument is couched in the framework of Fed. R. Evid. 404(b), not Fed. R. Evid. 609(a).

Says the Government, Winston's prior convictions are probative because they relate to his truthfulness. ECF No. 89, 4. The Government asserts that the key issue in this case will be

4

whether it was Winston who committed the robberies. If Winston testifies that he did not, his credibility is a key issue. Prior convictions are admissible to attack the credibility of a witness. See, e.g., Christovich v. Pierce, 59 F. App'x 543, 547 (4th Cir. 2003). Therefore, the prior felony convictions have probative value related to his truthfulness.

To mitigate the prejudicial effect of a previous conviction of the same kind of offense at issue in trial now, the Government states it will only elicit testimony about the fact that he had two felony convictions in 2003, without mentioning that they were for robbery and brandishing. ECF No. 89, 5. As limited, there will not be a risk that the jury will treat his prior convictions as propensity evidence. However, the Government states it does intend to elicit the nature of Winston's third felony from 2003, which is for possession of cocaine base. Id. at 5-6.

Although not argued by Winston, the Court must nonetheless weigh the admissibility of the felony drug conviction. Old Chief v. United States teaches that the probative and prejudicial value of a conviction must be weighed considering evidentiary alternatives. 519 U.S. 172, 182-83 (1997). As applied to this case, the Government could simply offer evidence that Winston was convicted of multiple felonies without naming them. Stating he was convicted of felonies would provide the same probative value as identifying the specific offenses of conviction. There is nothing

5

about drug possession that weighs on untruthfulness any more than any other felonies. In contrast, there is a risk of prejudice that flows from informing the jury that Winston was previously convicted of drug possession as it may lead the jury to make an assumption that Winston is of bad character. Therefore, applying the lessons of of Old Chief, the Court will not permit the Government to admit, even on cross-examination, the nature of Winston's prior felonies.[2]

## CONCLUSION

For the foregoing reasons, MR. WINSTON'S MOTION IN LIMINE (ECF No. 77) will be DENIED as moot.

It is so ORDERED.

/s/    R EP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 17, 2026

---

[2] The Government requests the Court read a limiting instruction if and when it introduces the testimony regarding the prior convictions which advises the jury only to consider his prior convictions for his truthfulness. The Government is instructed to tender a proposed instruction.