IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES

v.                                    Criminal Action No. 3:25-cr-117

MONTE DECARLOS WINSTON,

Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the Defendant's pro se Motions (ECF Nos. 140, 141, 142, and 148) and the Government's Oppositions (ECF Nos. 153, 154, 155). For the reasons stated below, ECF Nos. 140, 141, 142, and 148 will all be denied.

## BACKGROUND

Monte Decarlos Winston was convicted at trial of two counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 (COUNTs ONE and THREE) and two counts of using, carrying, or brandishing a firearm in connection with those robberies in violation of 18 U.S.C. § 924(c) (COUNTs TWO and FOUR). ECF No. 136. Since his arrest, Winston has filed a series of pro se motions, many of which are difficult to understand, and all of which lack merit. This new set of motions is no exception.

**ANALYSIS**

**I. ECF No. 140, "Motion to receive all Exculpatory Evidence to Prevent a possible Brady Violation"**

Winston argues that he did not receive all the exculpatory evidence in his case, specifically, "some lighters that were replica's [sic] of firearms, because [his] wife and [Winston] left them in [their] hotel room." ECF No. 140, 1.

As the United States argues in its Opposition, "it is telling that, as defendant prepares for the significant sentence that his crimes demands [sic], this 'exculpatory evidence' makes its debut." ECF No. 154, 1. Winston had every opportunity before or during trial to raise this issue and would have had the knowledge of what he possessed throughout the entire pendency of this case. He did not question his wife about the existence of any lighters. Neither he, nor his Counsel, filed any Motions requesting any such evidence. And, the attorneys for the United States, as officers of the Court, deny that any such evidence was found. Id.

Even assuming Winston was correct, Winston's argument is utterly without merit. There is no Brady violation here because Winston knew about the alleged evidence that he asserts to be exculpatory. See, e.g., United States v. Faris, 388 F.3d 452, 461-

62 (4th Cir. 2004); <u>United States v. Wilson</u>, 901 F.2d 378, 380 (4th Cir. 1990).[1]

There is no Brady violation, and ECF No. 140 will be denied.

**II. ECF No. 141, "Motion to Arrest Judgment pursuant to Rule 34 of F.R. Crim. P. for failure to prove that defendants actions rose to the level of an offense against the United States"**

Winston argues a host of nonsensical and meritless points in this Motion. None have merit.

First, Winston argues that the judgment should be arrested under Fed. R. Crim. P. 34. ECF No. 141, 1. However, the Motion fails because it was untimely filed because it was filed more than 14 days after the verdict in the case. Fed. R. Crim. P. 34(b). And, substantively, Winston is incorrect. Violating 18 U.S.C. § 1951(a) is an offense against the United States, and the Court has personal jurisdiction over him because he appeared in front of the Court. <u>United States v. Harris</u>, 991 F.3d 552, 557 (4th Cir. 2021).

Winston next argues that: (1) because the United States is not a "Plaintiff," the United States lacks standing. ECF No. 141, 1; (2) he did not "consent" to removal of this case, <u>Id.</u> at 2; (3)

---

[1] It is difficult to discern from Winston's filing how the "lighter" may be exculpatory. It may be that he is asserting that the lighter looked like firearms that he used in the robberies. Even if that is so, the presence of the look-a-like firearm in the room would not be exculpatory unless there also was evidence that they were used in the robberies. Winston does not say that in his filings.

the Superseding Indictment was invalid because it was brought in the Norfolk division of the Eastern District of Virginia, not the Richmond division. Id. The United States is indeed the complaining party. There is no removal. It makes no difference where the indicting grand jury sat. In sun, all three of those arguments rely on fundamental misunderstandings of the law and are meritless. Finally, he argues his Speedy Trial Rights were violated. ECF No. 141, 2. This argument was rejected most recently in the MEMORANDUM OPINION at ECF No. 104, 2-3. It is likewise rejected here.

ECF No. 141 will be denied.

### III. ECF No. 142, "Motion to Renew Rule 29 Motion"

In ECF No. 142, Winston makes a few arguments. First, he says that there was no proof he "knowingly" obstructed commerce. ECF No. 142, 1. But, that is not a requirement for robbery under 18 U.S.C. § 1951(a). See, e.g., United States v. Spagnolo, 546 F.2d 1117, 1119 (4th Cir. 1976), cert. denied, 433 U.S. 909 (1977); United States v. Taylor, 754 F.3d 217, 224 (4th Cir. 2014) (approving use of jury instruction instructing that intent to affect interstate commerce is not necessary for a 18 U.S.C. § 1951 conviction). Defendant's argument is, as the United States points out, contrary to his own proposed jury instructions. ECF No. 118, 42.

Second, Winston argues that the Government failed to prove extortion. ECF No. 142, 1-2. But, extortion is not necessary for

a conviction of 18 U.S.C. § 1951. The statute criminalizes obstruction, delaying, or affecting commerce "by robbery or extortion." 18 U.S.C. § 1951(a) (emphasis added). The Government proved robbery, as the Defendant admits. It need not also prove extortion.

Then, Winston argues that the evidence could not have shown that the robberies caused any effect on interstate commerce. Again, he is wrong. Only a minor effect on commerce need be shown, and the Court instructed the jury that to convict, it must find the robberies caused a "minimal effect" on commerce. ECF No. 135, 34. Mindful of that instruction, the jury returned convictions on both robbery counts. And, the United States offered evidence on this point, including that both stores that Winston robbed purchased items in interstate commerce.

Finally, Winston argues that the evidence was insufficient for convictions on the two 18 U.S.C. § 924(c) convictions because there was no firearm recovered. ECF No. 142, 3. It is not necessary that the actual firearm used be produced in Court. United States v. McNeal, 818 F.3d 141, 149 (4th Cir. 2016); United States v. Redd, 161 F.3d 793, 797 (4th Cir. 1998). There was testimonial evidence regarding Winston's possession of a gun that matched the description of the gun used in the robberies. ECF No. 153, 12. And, the evidence included a recording of Winston and his wife discussing whether the authorities had found "the silver jank."

5

Id. The video evidence shows a gun. Id. at 11-12. The Court cannot find that is insufficient evidence for a conviction under 18 U.S.C. § 924(c).

Finally, Winston argues that there is no proof that the firearm traveled in interstate commerce. That is not an element. 18 U.S.C. § 924(c). ECF No. 142 will be denied.

## IV. ECF No. 148, "Motion to request hearing on a Conflict of Interest between my wife; a testifying witness, and the AUSA on my case Mr. Stephen Miller"

Winston argues that, because the prosecuting Assistant United States Attorney, Stephen Miller, Esq., talked to Winston's wife in a prior case, Mr. Miller is conflicted out of this prosecution under Virginia Rules of Professional Conduct 1.9. ECF No. 148, 1. He is quite wrong. Ms. Dixon, Winston's wife, was never represented by Mr. Miller. Nor is there a shred of evidence that Mr. Miller, or any Assistant United States Attorney, acted improperly in this matter.

Then, Winston argues that there was a conflict between a witness in the case and his "previous prosecutor." ECF No. 148, 3. There was no conflict for any of the prosecutors. The conflict was with defense counsel, the Federal Public Defender's Office, which withdrew from representing Winston because lawyers from that office had previously represented a witness in this case. That has

nothing to do with whether Mr. Miller has a conflict with Ms. Dixon.

Finally, Winston claims that he intends to file an interlocutory appeal on his Rule 29 Motion, Rule 34 Motion, and Brady Motion. He cannot. United States v. Sueiro, 946 F.3d 637, 639 (4th Cir. 2020) (". . . [the Appellate] Court generally does not have appellate jurisdiction until after the imposition of a sentence."). That argument is neither right nor relevant.

ECF No. 148 will be denied.

## V. Whether the Defendant May Continue to File Pro Se Motions.

Throughout the course of this case, the Court has been extremely tolerant of Winston's barrage of pro se motions while he is represented by highly competent counsel. These motions have all been utterly meritless and have unnecessarily consumed Court resources in handling them. Until he is sentenced, Winston, with his express agreement, is represented by William Dinkin. If Winston wants to file any further motions until his sentencing, he must do so through Mr. Dinkin, and Mr. Dinkin must file the motions with a corresponding statement of position which sets forth whether he subscribes to the motion.

### CONCLUSION

Winston's pro se motions are once again utterly without merit and will all be denied. Until after sentencing, Winston must file

any motions through his counsel, and his counsel must provide a statement of position whether he subscribes to the motion.

It is so ORDERED.

_____/s/_____ REP_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 31, 2026

8